UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOURDES GONZALES CARDENAS,

v.   Case No. 8:04-cr-82-T-24MSS
     8:08-cv-244-T-24MSS

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court on Defendant Cardenas' 28 U.S.C. § 2255 motion to vacate, set, aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-66). Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. *See* 28 U.S.C. § 2255.

PROCEDURAL BACKGROUND

On May 20, 2004, Cardenas pled guilty pursuant to a written plea agreement to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1).[1]  (Doc. cr-25 [Plea Agreement]; cr-38 [Judgment]; cr-1 [Indictment]; cr-48 and cr-51 [Transcripts of Guilty Plea Hearing]).

---

[1] This charge was Count One of a two count Indictment. Count Two was dismissed on the government's motion at sentencing. (Doc. cr-37).

On August 23, 2004, the Court sentenced Cardenas to 135 months incarceration. Judgment was entered that same day. (Doc. cr-37, 38). Cardenas did not appeal the conviction and sentence.

On August 23, 2005, Cardenas, through retained counsel, timely filed a 28 U.S.C. § 2255 motion to vacate alleging that his counsel was ineffective because he did not file an appeal after Cardenas asked him to do so. Cardenas also alleged, as a separate ground, that his plea and appeal waiver were not knowingly and voluntarily entered.

On April 24, 2006, the Court denied Cardenas' claim that his plea and appeal waiver were not knowingly and voluntarily entered. (See Doc. cv-8 in Case No. 8:05-cv-1566-T-24MSS). In that same order, the Court set an evidentiary hearing for June 2, 2006, on Cardenas' claim that he was entitled to an out-of-time direct appeal because his trial attorney failed to file a Notice of Appeal after Cardenas requested his attorney to do so.

On June 2, 2006, the evidentiary hearing was held before the undersigned United States District Judge. Defendant Cardenas and Frank De La Grana, Esq. ,who represented Cardenas during the criminal proceedings, testified at the hearing. The Court found that there was a factual issue as to whether Cardenas had requested Attorney De La Grana to file a Notice of Appeal. The Court granted Cardenas' section 2255 motion to the extent that he was entitled to file an out-of-time appeal. The Court vacated the judgment entered in 8:04-cr-82-T-24MSS (Doc. cr-38), *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), and resentenced Cardenas to 135 months incarceration as to Count One of the Indictment. (See Doc. cr-52). Judgment was entered (Doc. cr-53) and the Court instructed Cardenas that he was entitled to appeal to the extent permitted by the plea agreement.

On June 6, 2006, Cardenas appealed the conviction and sentence. (Doc. cr-54).

On July 25, 2007, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence in an order that reads:

> Defendant-appellant Lourdes Gonzales Cardenas appeals his conviction and 135-month sentence imposed after pleading guilty to possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). No reversible error has been shown; we affirm.
>
> Cardenas was sentenced before the Supreme Court issued its decision in United States v. Booker, 125 S.Ct. 738 (2005), which, among other things, "rendered the [Sentencing G]uidelines [sic] effectively advisory [to] comport with the Sixth Amendment. . . ." United States v. Davis, 407 F.3d 1269, 1270 (11th Cir. 2005). Cardenas first argues that he did not knowingly and voluntarily enter into the sentence appeal waiver provision of his plea agreement because, when he entered into the plea agreement and later was sentenced, neither Cardenas nor the district court knew that the Supreme Court's future decision in Booker would render sentencing under a mandatory Guidelines system unconstitutional.
>
> Because the government acknowledges that Cardenas has not raised an issue that would be subject to the sentence appeal waiver provision of his plea agreement, we do not discuss further Cardenas' argument about the applicability of his appeal waiver.[1] To the extent that Cardenas argues that his guilty plea was rendered involuntary by the Supreme Court's decision in
>
> ---
> [1] But, although his brief does not make this argument clear, it appears that Cardenas could be arguing that the district court erred in sentencing him under a mandatory application of the Guidelines. To the extent that Cardenas raises this argument, Cardenas's claim is barred by the sentence appeal waiver in this case, which provides that Cardenas waived the right to appeal his sentence, "except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines." Based on our review of the record, Cardenas made a knowing and voluntary waiver of his right to appeal his sentence under all but the listed circumstances, which do not apply here. And even if we were to conclude that Cardenas's appeal waiver was invalid, Cardenas's claim still would fail because he has not demonstrated that a reasonable probability existed that the district court would have imposed a lesser sentence on him but for the mandatory Guidelines scheme. See United States v. Shelton, 400 F.3d 1325, 1331-33 (11th Cir. 2005).
>
> Booker, we reject this argument because a guilty plea is not invalidated by a later change in the law. See United States v. Sanchez, 269 F.3d 1250, 1283-85 (11th Cir. 2001) (en banc) (applying Brady v. United States, 90 S.Ct. 1463 (1970), to reject argument that defendants' guilty pleas had been

rendered involuntary and unknowing in the light of the Supreme Court's later decision in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000)).

Cardenas next contends that his guilty plea was involuntary because, according to Cardenas, his lawyer advised him that he would receive a sentence shorter than the sentence ultimately imposed by the district court, even though Cardenas was sentenced at the lowest point of his then-mandatory Guidelines range. We are unpersuaded by Cardenas's argument.[2]

> [2] Cardenas raised this argument for the first time in his 28 U.S.C. § 2255 motion to vacate [sic] to his sentence. The government asserts that, even though Cardenas raised the issue in his section 2255 motion, because he did not move to withdraw his guilty plea with the district court, we should review Cardenas's claim that his guilty plea as involuntary only for plain error. Cardenas asserts that the voluntariness of a guilty plea is an issue that we review de novo.  For the reasons that will be discussed, under either standard of review, Cardenas's claim that he involuntarily entered his guilty plea fails.

During Cardenas's plea colloquy, the district court judge told Cardenas -- and Cardenas stated that he understood -- that the district court was not required to accept sentencing recommendations made by the parties and could give him the maximum sentence allowed by law.  Cardenas also acknowledged that, if he received a sentence higher than what the parties had recommended or if he otherwise disagreed with the sentence imposed, he could not withdraw his guilty plea.  Cardenas told the district court that he was not relying on promises made to him outside of his plea agreement and that no one had told him exactly what sentence he would receive in this case. And before entering his guilty plea, Cardenas told the district court judge that he was willing to plead guilty, even though he did not know what sentence he would receive as a result of his guilty plea.

We apply a "strong presumption" that statements made by a defendant during his plea colloquy are true, United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); therefore, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).  Nothing in the record shows that Cardenas has satisfied his burden of showing that his sworn statements made during the plea colloquy -- including that no one had predicted what sentence he would receive -- were false; and we reject his claim that his guilty plea was involuntary.

Cardenas also asserts that his 135-month sentence was unreasonable in the light of the factors set out at 18 U.S.C. § 3553(a) because he has two children, has work skills, and had a significant work history before his arrest in this case.  He contends that he should have received the statutory

4

minimum sentence of 120 months' imprisonment.

As we have discussed, Cardenas was sentenced before the Supreme Court's decision in Booker.  For that reason, we question whether we can review his sentence for reasonableness; and we note that other circuits have decided that this review is unavailable to such defendants. See, e.g., United States v. Benedetti, 433 F.3d 111, 120 (1st Cir. 2005) ("[R]eview for reasonableness based on the factors enumerated in section 3553(a) is not applicable to sentences . . . imposed pre-Booker, but heard on appeal post-Booker."); United States v. Martinez, 418 F.3d 1130 1133, n.3 (10th Cir.) (explaining that reasonableness review is inappropriate for sentences imposed before Booker), cert. denied, 126 S. Ct. 841 (2005).  Cardenas raised no argument at sentencing about application of the section 3553(a) factors; and we see no reason to grant Cardenas relief based on the arguments he now makes about receiving a lower sentence.

We affirm Cardenas's conviction and sentence.

(Doc. cr-65).

On January 31, 2008, Cardenas timely signed and filed the present section 2255 motion to vacate raising four grounds for relief.

Standard of Review for Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's

conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Discussion

Ground One

The discussion of ground one follows the discussion of grounds two, three, and four.

Ground Two

Cardenas claims that his Fifth and Sixth Amendment rights were violated when he was sentenced based on an "enhancement penalty" under 21 U.S.C. § 851 which was not included in the Indictment as required by statute.

In support, Cardenas claims:

Movant was named solely in a two-count indictment for conspiracy to possess with intent to distribute cocaine; and possession with intent to distribute cocaine; and the indictment contained a forfeiture provision. However, the indictment did not charge the required enhancement penalty provision to establish previous convictions pursuant to Title 21 U.S.C. § 851(a)(2). The fundamental requirement of due process requires adequate notice and the opportunity to be heard. The government filed only an information to establish prior conviction as to Movant on March 23, 2004. It was because of this that Movant's sentence was over doubled (from 5 years or 60 months to 135 months).

This claim has no merit relief because 21 U.S.C. § 851(a)(2) does not require that an Indictment in a criminal case charge "the enhancement penalty provision to establish previous convictions."

Title 21 U.S.C.A. § 851 reads, in part:

**§ 851. Proceedings to establish prior convictions**

(a) Information filed by United States Attorney

(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. Upon a showing by the United States attorney that facts regarding prior convictions could not with due diligence be obtained prior to trial or before entry of a plea of guilty, the court may postpone the trial or the taking of the plea of guilty for a reasonable period for the purpose of obtaining such facts. Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

(2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

(b) Affirmation or denial of previous conviction

If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Eleventh Circuit law holds that 21 U.S.C. § 851(a)(2) does not require that prior convictions be alleged in an Indictment. *See United States v. McLean*, 138 F.3d 1398, 1407 (11th Cir. 1998)(citing *United States v. Harden*, 37 F.3d 595, 601 (11th Cir. 1994)). The *McLean* Court found that section 851(a)(1) allowed a Defendant the opportunity to contest the previous conviction under the procedures outlined in section 851(b); therefore, there was no due process violation by not alleging prior convictions in an Indictment. The *McLean* Court stated:

> In *United States v. Harden*, 37 F.3d 595, 601 (11th Cir. 1994), we held that this ambiguous subsection [§ 851(a)(2)] requires the government to do what the Fifth Amendment already requires, prosecute by indictment every offense for which the government seeks an enhancement of more than three years. In so holding, we considered and rejected Harden's argument that rendered the statute superfluous. *Id. McLean,* in effect asks us to revisit *Harden* in order to find an interpretation of § 851(a)(2) that does not render the subsection superfluous.  His suggestion is that we interpret the subsection to require the prior conviction itself to be alleged in an indictment.  We believe that § 851(a)(2) is not even arguably susceptible to this interpretation and that his argument is foreclosed by our *Harden* decision.  We find no defect in the nature of the notice afforded to McLean of the government's intention to seek a sentencing enhancement.

138 F.3d at 1406.

8

Likewise, in the present case, the government filed an Information and Notice (Doc. cr-29) providing notice to Cardenas of the government's intention to seek a sentencing enhancement. (See Doc. cr-29). Cardenas could have contested the previous conviction described in the Information and Notice under the procedures outlined in section 851(b). Cardenas did not do so.[2] Because Cardenas cannot show that his Fifth and Sixth Amendment rights were violated when the "enhancement penalty" was not alleged in the Indictment, ground two does not warrant relief.

## Ground Three

Cardenas contends that his plea was involuntary based on the enhancement penalty under 21 U.S.C. § 851(a)(2) that was "applied in violation of the law." In support he alleges:

> Movant contends that since 21 U.S.C. § 851(a)(2) was not charged or referenced in his indictment, a circumstance that violated his Fifth And Sixth Constitutional Amendment rights, his plea was involuntary and unknowing. At the time movant signed the plea agreement with the government, Movant relied on the assurances of both his counsel, and the government's attorney, that he would receive a sentence of five years. Movant also relied on counsel's professional assistance that the indictment and the plea agreement was based on legal authority and within the law and statutes. Movant was not indicted by the Grand Jury for the enhancement penalty provision to establish previous convictions.

Cardenas' claim has no merit. In ground two above, the Court discussed why Cardenas' due process rights were not violated when 21 U.S.C. § 851(a)(2) was not charged or referenced in Cardenas' Indictment. Furthermore, the Eleventh Circuit found that Cardenas' plea was knowing and voluntary. (Doc. cr-65 at 3-5).

Ground three does not warrant relief.

---

[2] Cardenas does not now, nor has he ever, contended that the Information and Notice was incorrect.

Ground Four

Cardenas contends that his oral plea agreement was breached with the government. In support he claims:

> Prior to finally accepting a plea with the government, the government prepared three plea agreements in the English language, which Movant could not read and understand. This was quite obvious by the attempt of the Court to accept the second plea agreement prepared by the government which held Movant accountable for 5 or more kilograms of cocaine. The first plea agreement held him accountable for 35 kilograms of cocaine. However, based on the assurance of the government's attorney and Movant's counsel's assurances, he pled guilty to the third plea agreement holding him accountable for 500 grams or more of cocaine, in exchange for what Movant thought he would receive a 5 year sentence.

This claim also has no merit. There was never any oral plea agreement with the government.

At the May 19, 2004 change of plea hearing, a certified interpreter was sworn to translate. Cardenas did not then, and has never alleged that he did not understand the interpreter and the proceedings at the change of plea hearing on May 19, 2004. (See Doc. cr-51 at 3).

At the change of plea hearing, Cardenas averred that no one had promised him anything in exchange for his signature on the written plea agreement and that no one had threatened him "to get you to sign this document." (Doc. cr-51 at 7-8). Cardenas, under oath, stated that he signed the plea agreement voluntarily, and that it had been translated for him into Spanish. (Doc. cr-51 at 6, 8). The United States Magistrate Judge who conducted the change of plea hearing explained that Cardenas faced enhanced penalties. (Doc. cr-51 at 10). She also explained that the United States District Judge "remains free to sentence you to the maximum extent allowed by law without accepting the

recommendations or requests that the parties make." (Doc. cr-13). Cardenas answered "No" when the Magistrate Judge asked him, "To this point do you have any question about the consequences of pleading guilty?" (Doc. cr-51 at 14).

However, when Cardenas questioned the amount of cocaine for which he was charged, the Court recessed the proceedings. When the proceedings reconvened, the next day, May 20, 2004, the Magistrate Judge first confirmed with Cardenas that his answers to the questions on the previous day were truthful. (Doc. cr-48 at 4).

The Magistrate Judge explained, and this explanation was translated for Cardenas by a sworn certified interpreter, the minimum and maximum penalties for the charges. (Doc. cr-48 at 5). In addition, the Magistrate Judge explained:

> However, because the government has filed an information and notice of [a] prior felony drug conviction, the lesser-included offense of Count One to which you are pleading guilty is, in fact, punishable by a mandatory minimum term of incarceration of 10 years, a maximum term of life, a term of supervised release of at least eight years, and a fine of $8,000,000, as well as a $100 special assessment.

(Doc. cr-48 at 5).

Cardenas confirmed that he understood the penalties with which he was faced in connection "with this lesser-included offense in Count One."[3] (Doc. cr-48 at 5). The government read the factual basis of the charges and Cardenas confirmed that he agreed that the facts were true. (Doc. cr-48 at 12-13). The government preserved its right to argue a higher quantity of cocaine at sentencing, and Cardenas stated he was willing to go forward, even "with the risk that you do not know what your sentence will be if you enter a plea in this case." (Doc. cr-48 at 12-13, 14-15).

---

[3] The lesser-included offense was possession with intent to distribute 500 grams or more of cocaine.

Cardenas stated that he was voluntarily entering his plea (Doc. cr-49 at 16) and the Magistrate Judge asked Cardenas if he was pleading guilty because he was guilty. He averred that he was. (Doc. cr-48 at 16-17). The Magistrate Judge found that Cardenas was competent and that his plea was knowing, intelligent, and voluntary and adequately supported by an independent basis in fact. (Doc. cr-48 at 17).

Cardenas' sworn statements at the change of plea hearing negate his contention that he thought he would receive a five-year sentence in exchange for pleading guilty. Nothing in the record supports his contention that he would receive a five-year sentence, and ground four does not warrant relief.

## Ground One

Cardenas alleges that his trial counsel was ineffective "through the plea hearing process, and sentencing hearing," and that his appellate counsel was ineffective. In support, Cardenas contends:

> Counsel failed to object to the plea agreement and argue at sentencing, that the enhancement penalty imposed for previous drug felony convictions, was not included in the Indictment, returned by the Grand Jury, which resulted in a sentence in violation of the law apart from the sentencing guidelines; Counsel failed to appeal his sentence on direct appeal; Counsel failed to argue that the plea agreement was breached by the government; and Counsel failed to investigate an entrapment defense, when the facts and circumstances of the case revealed that Movant was induced to commit the offense by two individuals who were acting as agents of the government, where Movant had told them that he did not want to do the deal and they proceeded to force him into a bar and get him drunk.

Cardenas' allegation that counsel was ineffective for failing "to object to the plea agreement and argue at sentencing" that the sentence imposed was a violation of the law because the Indictment did not allege the "enhancement penalty imposed for previous drug felony conviction" has no merit. (See Ground Two above). Title 21 U.S.C. § 851(a)(2)

12

does not require that an Indictment in a criminal case charge "the enhancement penalty provision to establish previous convictions." Cardenas cannot show that he was prejudiced by trial and appellate counsel's actions, because he cannot show that the outcome of the proceeding would have been different if trial or appellate counsel had raised the issue Cardenas alleges should have been raised. Trial and appellate counsel cannot be deemed ineffective for failing to raise meritless or frivolous claims. *United States v. Childs*, 2007 WL 4162926 at *4 (M.D. Fla. (Nov. 20, 2007); *United States v. Goodrich*, 2007 WL 1412393 at *8 (M.D. Ala. May 11, 2007); *Jackson v. Dugger*, 931 F.2d 712, 715 (11th Cir.1991); *Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir.2001); *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir.2000); *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir.1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance").

Next, Cardenas' claim that his appellate attorney did not file a direct appeal is wrong. After an evidentiary hearing on the claim that counsel did not file a direct appeal after his first judgement was entered, the Court granted Cardenas a belated appeal. (See Doc. cr-65 )

Cardenas' claim that his counsel was ineffective for failing to argue that the Government breached the plea agreement is also wrong. Cardenas has not alleged any facts to demonstrate how the Government breached the plea agreement by holding Cardenas accountable for a higher amount of cocaine than 500 grams, the amount to which he pled. At the change of plea hearing, the Government preserved the right to argue "for a higher amount of cocaine at the time of sentencing, higher than 500 grams." (Doc. cr-48 at 13). Cardenas knew this and confirmed that he understood this before he

13

knowingly and voluntarily entered his guilty plea. The Government was prepared to present evidence and argue for a higher amount of cocaine at the sentencing hearing. (Doc. cr-58 at 8). However, Cardenas withdrew his objection when his attorney explained that he could lose the two or three level downward adjustment for acceptance of responsibility if he persisted in objecting. Nothing in the record shows that the government breached the plea agreement and Cardenas' claim that counsel was ineffective for failing to argue that the government breached the plea agreement is without merit.

Cardenas' claim that trial counsel was ineffective for failing to investigate an entrapment defense "when the facts and circumstances of the case revealed that Movant was induced to commit the offense by two individuals who were acting as agents of the government, where Movant had told them that he did not want to do the deal and they proceeded to force him into a bar and get him drunk" has no merit.

A knowing and voluntary guilty plea constitutes a waiver of all non-jurisdictional defects and defenses including the defense of entrapment. *See Ferguson v. United States*, 2007 WL 2263931 at *3 n.5 (S.D. Fla., Aug. 6, 2007)(*citing Smith v. United States*, 447 F.2d 487, 488 (5th Cir. 1971)). *See also Mejia v. United States*, 430 F.2d 1273 (5th Cir. 1970); *Frye v. United States*, 411 F.2d 562 (5th Cir. 1969); *Henderson v. United States*, 395 F.2d 209 (5th Cir. 1968); *United States v. Bell*, 966 F.2d 914,915 (5th Cir. 1992); *Dermota v. United States*, 895 F.2d 1324 (11th Cir. 1990), *cert. denied*, 498 U.S. 837. Trial counsel could not have been ineffective for failing to investigate an entrapment defense because Cardenas waived this defense when he entered his guilty plea. Ground one does not warrant relief.

**Finally, nowhere in the motion to vacate does Cardenas claim that there is a**

14

**reasonable probability that, but for counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial pursuant to *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).**

**Accordingly, the Court orders:**

That Cardenas' motion to vacate (Doc. cv-1; cr-66) is denied.  The Clerk is directed to enter judgment against Cardenas in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on June 16, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA:  James C. Preston, Jr.
Lourdes Gonzalez Cardenas, Pro se